**Lafayette BROWN, Appellant**

v.

**David C. MARTIN, Jr.**

No. 08–3946.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 19, 2009.

Opinion filed April 21, 2009.

Lafayette Brown, Pittsburgh, PA, pro se.

David C. Martin, Jr., Pittsburgh, PA, pro se.

Before: BARRY, AMBRO and SMITH, Circuit Judges.

---

1. The appeals have been consolidated.

## OPINION

PER CURIAM.

Appellant Lafayette Brown appeals from a District Court order dismissing his complaint pursuant to 28 U.S.C. § 1915(e). Because Brown's appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Brown, proceeding *pro se,* initiated a civil rights action against Appellee David C. Martin. Brown apparently suffered multiple serious injuries as a result of an accident that took place in 1977, while he was employed by the City of Pittsburgh. Although his allegations are unclear, Brown appears to argue that Martin, an attorney who represented him in a workers' compensation matter in 1995, violated Brown's civil rights by accepting bribes and by wrongfully retaining a portion of Brown's monthly workers' compensation check.

The District Court referred the matter to a Magistrate Judge, who granted Brown permission to proceed in *forma pauperis.* The Magistrate Judge also filed a Report and Recommendation recommending that Brown's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Magistrate Judge stated that she was unable to identify any basis for federal jurisdiction.

Brown objected to the Report and Recommendation.[1] On September 15, 2008, after conducting a *de novo* review, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Brown filed a timely appeal.

We exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B). *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). Upon review, we conclude that the District Court properly dismissed Brown's complaint.

The only arguable federal claim presented by Brown's complaint would arise under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Brown failed to successfully raise a § 1983 claim.

At most, it appears that Brown's allegations would support state law causes of action. *See, e.g., Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (tort claims must be pursued in state courts under traditional state law principles, not under § 1983). Although Brown cites to the First and Fourteenth Amendments, Brown fails to set forth any facts supporting a constitutional deprivation. Further, Brown does not allege that Martin is a state actor, *see Harvey v. Plains Twp. Police Dep't,* 421 F.3d 185, 189 (3d Cir.2005), and the fact that Martin acted as Brown's legal counsel does not render Martin a "person acting under color of state law" for purposes of § 1983. *See Polk v. County of Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (an attorney does not act under color of state law when performing his function as counsel). Thus, Brown failed to state a claim on which relief may be granted, and the District Court properly dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Brown's appeal does not present a substantial question. We will therefore summarily affirm the

---

1. Although Brown filed his objections in a related action, the District Court considered the objections as if they were also addressed to this action.

judgment of the District Court. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.